FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ JUL 15 2015 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ADMINISTRATIVE PROCEEDING OF THE
ESTATE OF JOSEFA IWACHIW,
----------------------------------------------------------X

MEMORANDUM & ORDER
15-CV-3842 (SJF)(SIL)

FEUERSTEIN, District Judge:

On June 30, 2015, movant Walter Iwachiw ("movant") filed a Notice of Removal ("Notice") seeking to remove this administrative proceeding from the Surrogate's Court of the State of New York, County of Queens ("the state court"), to this Court pursuant to, *inter alia*, 28 U.S.C. § 1441(a) on the basis that this Court has original jurisdiction under 28 U.S.C. § 1331 because the proceeding arises under the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001, *et seq.*[1] Movant, acting *pro se* and allegedly as "a fiduciary of the estate of Josefa Iwachiw," (Notice at 1), also filed: (1) an application to proceed *in forma pauperis*; and (2) an application for the appointment of *pro bono* counsel to represent him in this proceeding. Since movant's financial status, as set forth in his application to proceed *in forma pauperis*, qualifies him to commence this proceeding in this Court without prepayment of the filing fee, see 28 U.S.C. §§ 1914 and 1915(a), the application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the proceeding is remanded to the state court pursuant to 28 U.S.C. § 1447(c) and plaintiff's request for the appointment of *pro bono* counsel is denied without prejudice to renewal in the state court.

---

[1] *See* Notice of Removal at 1 and ¶ 16 citing the state court case as *Administrative Proceeding of the Estate of Josefa Iwachiw*, Index No. 1678A-F/2011 (Surrogate's Ct., Queens Cty.) (Federal Docket Entry No. 1 at pages 1, 6). Since movant has not filed a copy of the state court pleadings with his Notice of Removal, the nature of the underlying proceeding is unknown.

## DISCUSSION

1. The Removal Statute

Pursuant to 28 U.S.C. § 1441(a), "... any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). In addition, 28 U.S.C. § 1446(a) sets forth the procedure to be followed for removal of state court actions to federal court and provides, in relevant part:

> A *defendant or defendants* desiring to remove any civil action from a State court shall file in the district court of the United States . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant* or defendants in such action.

28 U.S.C. § 1446(a) (emphasis added). Subsection (b) makes clear that

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . or within 30 days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter.

28 U.S.C. § 1446(b). "[S]tatutory procedures for removal are to be strictly construed, . . . because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." Frontier Park Co., LLC v. Contreras, 35 F. Supp. 3d 264, 267 (E.D.N.Y. 2014) (quotations and citations omitted); accord In re Facebook, Inc., IPO Sec. & Derivative Litig., 922 F. Supp. 2d 475, 480 (S.D.N.Y. 2013). "[T]he burden is on the removing party to prove that it has met the requirements for removal." Ulysse v. AAR Aircraft

2

Component Servs., 841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012) (quotations and citation omitted).

Movant, who is not a defendant in this proceeding, seeks to remove this proceeding to this Court more than four (4) years after it was filed in the state court. However, it is axiomatic that only defendants may remove an action from state court to federal court. See Gehm v. New York Life Ins. Co., 992 F. Supp. 209, 210 (E.D.N.Y. 1998) (citing cases); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 105, 61 S. Ct. 868, 85 L. Ed. 2d 1214 (1941) (holding that the removal privilege is limited to defendants only). Thus, regardless of whether movant's Notice of Removal invokes a federal question, the fact of the matter remains that there is no basis in law for his attempt to remove this proceeding to federal court more than four (4) years after it was filed in the state court.

Moreover, although movant has annexed approximately three hundred twenty-eight (328) pages of exhibits to his Notice of Removal, he has failed to attach a copy of the "pleadings[] and orders" served upon him in the state court case as required by Section 1446(a). Accordingly, this proceeding is remanded to the state court pursuant to 42 U.S.C. § 1447(c). See, e.g. Allfour v. Bono, No. 11-cv-1619, 2011 WL 2470742, at * 1 (E.D.N.Y, May 5, 2011), report and recommendation adopted by 2011 WL 2470734 (E.D.N.Y. June 22, 2011) (holding that in this circuit, a procedural defect, by itself, would authorize a *sua sponte* remand within thirty [30] days after the filing of the notice of removal); Cassara v. Ralston, 832 F. Supp. 752, 753-54 (S.D.N.Y. 1993) (holding that 28 U.S.C. § 1447(c) authorizes a district court to *sua sponte* remand actions to state court for defects in removal procedure within thirty [30] days after the filing of the notice of removal).

Remand to the state court is also appropriate because movant, who has a long history of

frivolous litigation in this Court, has been "enjoined from bringing any future proceedings in the Eastern District of New York without prior permission of this Court[,]" see Iwachiw v. New York State Dept. of Motor Vehicles, et al., 02-CV-6699(ADS)(WDW), Document No. 30 at 4, and he did not seek, and was never granted, permission to bring this proceeding in this Court prior to filing his Notice of Removal. Accordingly, this action is remanded to the state court pursuant to 42 U.S.C. § 1447(c). The Clerk of the Court shall: (1) mail a certified copy of this Order to the clerk of the Surrogate's Court of the State of New York, County of Queens pursuant to 42 U.S.C. § 1447(c); (2) close this case; and, (3) pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: July 15, 2015
Central Islip, New York

4